# STATE OF VERMONT

# ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Davies | } | Docket No. 13-1-05 Vtec |
| (Diamond CU Application) | } | |
| | } | |

## Decision on Pending Motions

This matter concerns an appeal by Iain Davies and Donna Cox-Davies from a decision of the Morristown Development Review Board (DRB) dated December 17, 2004, granting conditional use approval to Appellee-Applicants Mitchell and Elaine Diamond for a home business located at 374 Farm Hill Road in the Town's Rural Residential with Agriculture zoning district. This appeal is taken as an on-the-record appeal, since the Town has adopted and implemented the procedures necessary for such appeals pursuant to 24 V.S.A. § 4471(b). Appellants are represented by Ellen M. O'Toole, Esq.; Appellee-Applicants are represented by Russell D. Barr, Esq.; the Town of Morristown (Town) appears as an Interested Person and is represented by Will S. Baker, Esq. Now pending before this Court are Appellee-Applicants' motion to dismiss and Appellants' cross-motion for summary judgment.

## Factual and Procedural Background

On November 16, 2004, Appellee-Applicants applied to the DRB for conditional use approval for a 'technical illustrating' home business to be conducted in a portion of an existing 24' by 24' workshop on Appellee-Applicants' 14± acre[1] parcel of land located at 374 Farm Hill Road in the Town's Rural Residential with Agriculture zoning district.

---

[1] The DRB Decision describes the lot as 13.8 acres in area, while the Coordinator's JO describes the lot as 14.01 acres in area.

The parcel of land is one lot in an eight-lot subdivision ("Farm Hill Road Subdivision"). The Farm Hill Road Subdivision, and every lot within it, is encumbered by an Act 250 permit (#5L1054) and by deeded protective covenants. All property owners in the subdivision are members of the Farm Hill Road Owners Association. Appellants also own property in the Farm Hill Road Subdivision.

The DRB held a warned public hearing on Appellee's conditional use application on December 9, 2004. Several adjacent property owners either attended the hearing or submitted written comments, expressing concerns regarding the application. The concerns related to "setting a precedent" for other home businesses; increased traffic on the subdivision's privately maintained road; and to potential violations of the covenants, Act 250 permit conditions, and wastewater permitting requirements.

At the December 9th hearing, Appellee-Applicants agreed that any conditional use permit issued could be limited to the term of their ownership of the subject property.

At the December 9th hearing, the DRB Chair noted that the Act 250 permit and the protective covenants were not within the DRB's jurisdiction; he advised that there were separate avenues of review and enforcement for the Act 250 permit and the protective covenants. A motion was then made to approve the conditional use permit application with the condition that the permit would be limited to the applicants only and that it would expire upon their sale of the property. The motion to approve was seconded, voted on, and passed unanimously.

The conditional use permit application was approved by a written decision the DRB issued on December 17, 2004. Appellants filed a timely appeal with the DRB on January 14, 2005, and the DRB forwarded the notice of appeal to this Court, pursuant to V.R.E.C.P. 5(b)(1).

Appellants originally submitted sixteen questions for review by this Court. Many of those questions related to matters outside the jurisdiction of the DRB, and of this Court, including issues regarding Appellee-Applicants' compliance with some of the Act 250 permit conditions and the protective covenants contained in the parties' deeds. Appellee-Applicants filed a motion to dismiss Appellants' entire Statement of Questions, arguing lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to V.R.C.P. 12(b)(6). Appellee-Applicant further asserted that Questions 1–3, 7, 9, 11–14, and 16 had not been raised before the DRB and therefore cannot be raised for the first time here.

Appellants responded with a combined opposition to the motion to dismiss and their own cross-motion for summary judgment, supported by a memorandum and a supplemental affidavit from Appellants' attorney, Ellen M. O'Toole. Several attachments accompanied the supplemental affidavit, including a document entitled "Essential Question(s) for Environmental Commission, District Five." Despite its title, the "essential question(s)" are in fact addressed to this Court, which is referred to in the document as "the Environmental Court of the District Five Commission." Appellants described the "essential question(s)" document that was attached to their memorandum in opposition to the motion to dismiss as a "'distillation' of relevant issues" "for the Court's convenience."

It appears that Appellants intended that this Court disregard their previous Statement of sixteen questions and instead consider only the "revised" or "simplified" question, as evidenced by language in their opposition memorandum which states that "Appellants simply ask that this Court focus solely on the revised question(s) for consideration," and "consider only the simplified amended question." Since the Appellants' request reduces, and does not add to, the issues raised in their earlier submission, substituting the "distillation" for the earlier submission works no

inconvenience on the opposing party or this Court. We therefore treat the "essential question(s)" document as an amended Statement of Questions, and hereinafter refer to it as such. The text of Appellants' amended Statement of Questions reads as follows:

> Are Act 250 and Wastewater permitting pre-approval requirements from the State authorities violated by the undisclosed erection of a substantial structure used for business purposes in a residential development, regardless of whether the municipality's zoning board approved a conditional use permit, and particularly when there is evidence that additional Wastewater permitting requirements may have been ignored? The Homeowners association, in this case the Farm Hill Road Homeowners association of Morrisville, Vermont, has incorporated, by reference in their Covenants, specific requirements to be in compliance with all State permitting requirements, including Act 250 and Wastewater permitting.
>
> Therefore, is the erection of a commercial structure a de facto violation of both the State's regulations and the Covenant's, which consequently, co-exist and specifically incorporate by reference therein, within the purview of Act 250 and other State regulations? Are such violations enforceable by State authorities and the Environmental Court of the District Five Commission, on appeal or otherwise? If not, where does proper jurisdiction lie?

## Discussion

As an initial matter, the issues Appellants raise regarding alleged Act 250 violations have been rendered moot by the District 5 Environmental Coordinator's jurisdictional opinion dated November 17, 2005. In that jurisdictional opinion, the Coordinator concluded that the "construction and present commercial use of the 24 x 24 structure do not constitute either [a] substantial or material change under Act 250. Consequently, an amended land use permit is not required."

This jurisdictional opinion was apparently requested by Appellants' attorney in a letter dated December 17, 2004.[2]  As there has been no appeal of the November 17, 2005 jurisdictional opinion, that opinion is a final determination that cannot be contested directly or indirectly in this proceeding, pursuant to 24 V.S.A. § 4472(d).  Therefore, that part of Appellants' amended statement of questions relating to potential Act 250 violations must be dismissed.

We note that even if there was no jurisdictional opinion disposing of this issue, neither the DRB nor this Court has jurisdiction to entertain private enforcement actions concerning allegations of Act 250 permit violations.  Enforcement proceedings under Act 250 may only be instituted by the Secretary of the Vermont Agency of Natural Resources, either on the Secretary's own initiative or upon a request by the Land Use Panel of the Natural Resources Board.  See 10 V.S.A. § 8004 ("In addition to the enforcement of Chapter 151 of this title on the secretary's initiative, the secretary shall institute enforcement proceedings under Chapter 151 when requested by the land use panel.  The secretary and the land use panel shall develop procedures for the cooperative enforcement of Chapter 151 of this title.").

The amended Statement of Questions also raises issues regarding alleged violations of wastewater permitting regulations.  Such issues are beyond the scope of this appeal.  Neither the DRB nor this Court has jurisdiction to enforce violations of state wastewater permitting regulations.  Enforcement proceedings under the wastewater permitting statute, 10 V.S.A. § 1971 et seq., may only be instituted by the Secretary of the Vermont Agency of Natural Resources, pursuant to 10 V.S.A. § 8003(a)(9), unless the Secretary has delegated that authority to the municipality

---

[2]  "Exhibit G" attached to Appellants' cross-motion for summary judgment.

pursuant to 10 V.S.A. § 1976.[3]  There is no evidence that such a delegation has been made to the Town here.  Nor is there any evidence that Appellants here have petitioned ANR, or that ANR has instituted an enforcement action against the Appellees here.  Therefore, that part of Appellants' amended Statement of Questions relating to potential wastewater permitting regulations violations must be dismissed.

Finally, although it is unclear whether they were preserved in the amended Statement of Questions, Appellants raised issues regarding alleged violations of the Farm Hill Road Housing Association's protective covenants.  To the extent that Appellants claim violations of their deeded covenants, such claims are beyond the jurisdiction of both the DRB and this Court.  As we note below, the proper forum for such claims would be the appropriate Superior Court.  To the extent that Appellants claim that the covenants were violated because the covenants require compliance with Act 250, their claim appears moot, due to the jurisdictional opinion referenced above, which concluded that Appellee-Applicants' construction and present use of the 24' by 24' structure does not constitute an Act 250 permit violation.  Appellants' claim regarding potential violations of the Farm Hill Road Housing Association's protective covenants must therefore be dismissed.

We are not unsympathetic to Appellants' perceived lack of recourse to enforce violations of what they believe to be violations of state law and the protective covenants.  However, neither the DRB, nor this Court, has the jurisdiction to hear such claims, whether they are stated in the form of a private enforcement action, a quiet title

---

[3] Any person directly affected by a project permitted under the wastewater state may file a petition with the Secretary for review and/or revocation of the permit, based upon an alleged violation of a permit condition.  See In re Lyon, 2005 VT 63, ¶ 6 ("After a permit is granted, ANR may revoke it either in response to a petition or on its own motion.  An applicant or any person directly affected by a permitted project may petition ANR for review and reconsideration.") (internal quotation and citations to the Wastewater System and Potable Water Supply Rules omitted).  Thus, the proper course of action for an aggrieved party, such as Appellants here, is to file a petition with ANR; not to file an appeal with this Court.

action, or a breach of warranty action.  The trial court with exclusive authority to hear claims regarding private covenants is the appropriate Superior Court.  Whether or not one believes it wise, our Legislature has determined that this Court not be vested with jurisdiction over such claims.  We are a court of limited jurisdiction.  4 V.S.A. § 1001(b).  We cannot exceed those jurisdictional limitations.

Accordingly, based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Appellee-Applicants' Motion to Dismiss is **GRANTED** as to all issues raised by Appellants' Amended Statement of Questions, thereby warranting dismissal of this appeal.  The DRB's decision dated December 17, 2004, granting conditional use approval to Appellee-Applicants Mitchell and Elaine Diamond for a home business located at 374 Farm Hill Road, is upheld.  This decision concludes the pending appeal.

Done at Berlin, Vermont, this 26th day of May, 2006.

_____
Thomas S. Durkin, Environmental Judge